479 So.2d 710 (1985)
Bobby Glen WILCHER
v.
STATE of Mississippi.
Nos. 54370, 54959.
Supreme Court of Mississippi.
October 30, 1985.
Rehearing Denied November 20, 1985.
Kenneth J. Rose, Cynthia Stewart, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
*711 ON APPLICATION FOR LEAVE TO FILE CONSOLIDATED MOTION TO VACATE, OR SET ASIDE, JUDGMENT AND SENTENCE
PRATHER, Justice, for the Court:
Bobby Glen Wilcher, the petitioner in this post-conviction relief request, has filed an application for leave to file a consolidated motion to vacate, or set aside, judgment and sentences in his two capital murder convictions. Wilcher v. State, 448 So.2d 927 (Miss. 1984) and Wilcher v. State, 455 So.2d 727 (Miss. 1984).
The facts set forth in the two above opinions reveal the kidnapping and subsequent brutal murder of two women in Scott County, Mississippi. Wilcher was convicted for capital murder of both women, and his appeal to this Court on each case was affirmed. Wilcher sought and was denied writs of certiorari by the United States Supreme Court on each conviction. (As to the first conviction, cert. denied on October 1, 1984, Wilcher v. Mississippi, ___ U.S. ___, 105 S.Ct. 231, 83 L.Ed.2d 160. As to the second conviction of capital murder cert. denied on March 4, 1985. Wilcher v. Mississippi, ___ U.S. ___, 105 S.Ct. 1411, 84 L.Ed.2d 794).
The petitioner now has made an application for post conviction relief with this Court by consolidating motion on both convictions pursuant to Mississippi Code Annotated section 99-39-1 et seq. and assigns the following as grounds:
A. Petitioner was denied the effective assistance of counsel at his capital trials;
B. The trial of the petitioner without psychological/psychiatric assistance for his defense violated the petitioner's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution;
C. The trial court erred in admitting into evidence tangible property recovered from the defendant's home without a warrant, in violation of his Fourth and Fourteenth Amendments to the United States Constitution and Article III Section 23 of the Mississippi Constitution;
D. The trial court erred in admitting into evidence the involuntary coerced confessions of the defendant made without benefit of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article III Section 26 of the Mississippi Constitution;
E. The trial court erred in instructing the jury on the capital murder in the commission of robbery or kidnapping aggravating circumstance;
F. The finding by the jury of the "especially heinous, atrocious and cruel" aggravating circumstance violated the Eighth and Fourteenth Amendments to the United States Constitution;
G. The statute and instruction at the sentencing phase shifted the burden of proof to the petitioner and contained no standards for weighing, in violation of the eighth and fourteenth amendments to the United States Constitution;
H. The misconduct during argument by the prosecutor violated petitioner's right to a fundamentally fair trial and a non-arbitrary sentencing proceeding pursuant to the Mississippi Constitution and the United States Constitution;
I. The death qualification of the jury denied petitioner an impartial jury from a cross-section of the community in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article III, Section 26 of the Mississippi Constitution;
J. The trial court's denial of petitioner's motion for a change of venue unconstitutionally abridged his right to trial by an impartial jury, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article III Section 26 of the Mississippi Constitution;
K. The preclusion by the trial judge of consideration by the jury of mitigating factors violated the petitioner's Sixth, Eighth and Fourteenth Amendments to the United States Constitution;
L. The petitioner was unconstitutionally subjected to double jeopardy for the underlying *712 felonies of kidnapping and robbery in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article III Section 22 of the Mississippi Constitution; and
M. Refusal of the trial court to instruct the jury on the offense of accessory after the fact violated the petitioner's rights.
On automatic appeals to this Court, the petitioner raised all of the same issues asserted on this post-conviction request, except Issues A and B. The petitioner admits that Issue C through Issue H were assigned as error on direct appeal and decided adversely to his position. Therefore, regarding Issues C, D, E, F, G, H, I, J, K, L and M, this Court holds that all enumerated questions were raised and addressed on the first appeal, or on the second appeal, or on both appeals. Therefore, these issues cannot be relitigated here as the issue is res judicata. Callahan v. State, 426 So.2d 801 (Miss. 1983), Leatherwood v. State, 473 So.2d 964 (Miss. 1985). Where the issue was not raised on direct appeal, or not raised at the trial court, the claims are procedurally barred and not subject to further review by this Court. Leatherwood, supra. For an additional basis, these claims not previously asserted are waived. Miss. Code Ann. § 99-39-1 et seq., Leatherwood, supra.
The remaining viable issues for consideration on this application relate to the petitioner's claim that he was denied effective assistance of counsel. The right of an accused to counsel is secured by our Constitution. Art. 3, Sec. 26, Miss.Const.
A similar federal right is also guaranteed to persons charged in criminal prosecutions and is applied in state proceedings. U.S. Const. Am. VI and Am. XIV. The right to counsel includes the right to effective counsel as most recently interpreted in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Strickland standard of effective assistance of counsel has been adopted by this Court in Stringer v. State, 454 So.2d 468 (Miss. 1984) and applied in Leatherwood, supra; Thames v. State, 454 So.2d 486 (Miss. 1984); In Re Hill, 460 So.2d 792 (Miss. 1984); Ward v. State, 461 So.2d 724 (Miss. 1984) and Lambert v. State, 462 So.2d 308 (Miss. 1984). The Strickland guidelines are stated thusly:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable... .
These basic duties neither exhaustively define the obligations of counsel nor form a checklist for judicial evaluation of attorney performance. In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances... . No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions.
Summarizing this application's charges on ineffective assistance of counsel, the following charges are made:
1. Trial counsel's failure to conduct an investigation for mitigating evidence.
*713 2. Trial counsel's failure to present a case for mitigation.
3. Trial counsel's failure to investigate and present mitigating psychological evidence.
4. Trial counsel's failure to preserve issues at trial and on appeal.
After carefully studying the record in these cases, this Court concludes that none of the issues raised by appellant concerning the representation he received at trial and on appeal have any merit, applying the standards set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant has failed to show, as required by Strickland, supra, that his attorneys were not functioning as counsel guaranteed to the defendant by the Mississippi Constitution, and Sixth and Fourteenth Amendments to the federal constitution. Nor has he shown that if there was deficient performance, that it prejudiced him in any way. There has to be a showing of both, because `[u]nless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." 104 S.Ct. at 2064. This Court holds that the appellant was not denied effective assistance of counsel.
APPLICATION FOR LEAVE TO FILE CONSOLIDATED MOTION TO VACATE, OR SET ASIDE, JUDGMENT AND SENTENCE DENIED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ROY NOBLE LEE, P.J., not participating.