806 So.2d 1140 (2001)
Michael B. KITTRELL a/k/a Michael Brian Kittrell, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01686-COA.
Court of Appeals of Mississippi.
September 18, 2001.
Rehearing Denied November 13, 2001.
Certiorari Denied February 7, 2002.
*1142 Dan W. Duggan Jr., William O. Townsend, Brandon, Vicki Lachney Gilliam, Jackson, Attorneys for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Jackson, Attorney for Appellee.
Before SOUTHWICK, P.J., LEE, and MYERS, JJ.
LEE, J., for the Court:
¶ 1. Michael B. Kittrell, the appellant, was indicted for possession of more than one kilogram of marijuana with intent to distribute, pursuant to Miss.Code Ann. § 41-29-139 (Supp.2000). Subsequently, the Circuit Court of Rankin County granted the State's ore tenus motion to proceed under the lesser-included offense of simple possession of marijuana in an amount of more than one ounce but less than a kilogram, of which Kittrell was found guilty. He was sentenced to serve a term of three years, two years suspended and two years supervised probation. Kittrell was also ordered to pay court costs, bond and lab fees. His motions for JNOV and a new trial were denied and he now appeals, asserting, in essence, that his motion for JNOV should have been granted or, in the alternative, that he should have been granted a new trial. We have reviewed the record and having found no reversible error, affirm.

FACTS
¶ 2. The facts in this case are not in dispute. The sequence of events leading to the arrest of Kittrell for possession of marijuana on April 22, 1998, was recounted at the trial by Teddy Casaver, who sold the substance to Kittrell, and by Officer Roy Dampier, narcotics investigator for the Pearl Police Department. Both testified as witnesses for the State.
¶ 3. Casaver testified that pursuant to a telephone conversation with Kittrell on April 21, Casaver purchased three pounds of marijuana for resale to Kittrell at a profit. Arrangements were made for Casaver and Kittrell to meet at Southern Hydraulics, Kittrell's place of business, for delivery. Casaver testified that Kittrell was not at Southern Hydraulics when he first tried to deliver the substance and that when Casaver left the business site, the *1143 gears on his truck jammed and he made an illegal turn. He was stopped by the police and three pounds of marijuana was found in his vehicle. Casaver was then arrested and taken into custody. Officer Dampier testified that the Pearl Police Department called him to investigate in response to Casaver's arrest.
¶ 4. Dampier said that he explained to Casaver that it was the desire of law enforcement to take into custody anyone else who was involved with the marijuana found in his possession. Casaver chose to cooperate with a controlled delivery. Dampier said that Casaver was told that the district attorney would be made aware of his cooperation, but that no promises were made to him.
¶ 5. Around midnight Casaver proceeded, equipped with a body wire and three pounds of marijuana, to Southern Hydraulics where he met Kittrell and sold him a quarter pound of marijuana for $300. Kittrell weighed the marijuana on an electronic scale. Casaver left the business after the sale was made and Kittrell left about five minutes later. Kittrell immediately got into his car upon leaving the building and within thirty seconds after he started his vehicle, the five officers providing surveillance during the controlled delivery, activated the blue lights on their patrol cars and made a traffic stop in the parking lot as Kittrell drove off. When Kittrell refused to exit his vehicle and grabbed his steering wheel, the officers pulled him out. Kittrell was handcuffed and taken into custody. A loaded .45 caliber handgun was found in the vehicle but no drugs were found. The officers, surmising that the drugs were left inside the business, entered the business and found a quarter pound of what was later identified as marijuana in a box under some clothing. Upon leaving Southern Hydraulics, Casaver returned to the Pearl Police Department where the three hundred dollars Kittrell had given him in cash and the remaining two and three quarters pounds of marijuana were recovered.

STANDARD OF REVIEW
¶ 6. In assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss. 1996). If under this standard sufficient evidence to support the jury's verdict of guilty exists, the motion should be overruled. Brown v. State, 556 So.2d 338, 340 (Miss.1990); Butler v. State, 544 So.2d 816, 819 (Miss.1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 7. Where the weight of the evidence, as opposed to the sufficiency, is challenged, the jury's verdict is vacated on grounds relative to the weight of the evidence so that a new trial is granted as opposed to final discharge. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss.1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss.1989) (citing McFee v. State, 511 So.2d 130, 133-34 *1144 (Miss.1987)). The motion, however, is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict. United States v. Sinclair, 438 F.2d 50, 51 n. 1 (5th Cir.1971). Thus, the scope of review on this issue is limited in that all evidence must be construed in the light most favorable to the verdict. Mitchell v. State, 572 So.2d 865, 867 (Miss.1990).
¶ 8. In this appeal, Kittrell seeks relief in the form of a reversal and discharge or, in the alternative, remand to the trial court for a new trial. The former is a consequence of legal insufficiency of the evidence while the latter is the product of an examination of evidentiary weight. May v. State, 460 So.2d 778, 781 (Miss.1984). The evidence to be evaluated regarding sufficiency for sustaining a conviction for possession of more than one ounce of marijuana, and the evidence relevant to ascertaining whether the jury's verdict was against the overwhelming weight will be the same in this case; evidence regarding sufficiency requires the court to accept as true all evidence favorable to the State, Yates, 685 So.2d at 718, and evidence regarding weight limits our review to that construed in the light most favorable to the verdict. Mitchell, 572 So.2d at 867.

ISSUE AND DISCUSSION

WHETHER THE COURT ERRED IN REFUSING TO GRANT A DIRECTED VERDICT OR JNOV OR, IN THE ALTERNATIVE, FAILING TO GRANT A NEW TRIAL.
¶ 9. Kittrell argues that the verdict was against the overwhelming weight of the evidence presented by the State to prove possession of marijuana, or, in the alternative, that the evidence was not sufficient to sustain the verdict. The thrust of his argument rests on two undisputed facts regarding the evidence presented at the trial: first, that neither the word "marijuana" nor "drugs" was mentioned in the recorded conversation of the transaction of sale; second, that the marijuana was not found on his person. Kittrell also attacks the credibility of Teddy Casaver. We are not persuaded.
¶ 10. Kittrell, in making his argument that drugs were never mentioned in the recorded conversation, asserts that the conversation does not serve as proof that the sale was one for marijuana. However, there was ample testimony from Officer Dampier regarding the translation of street language used in the drug culture and which was used in the recorded conversation. Dampier explained that people dealing in drugs intentionally do not use words such as "marijuana" and "cocaine", but instead use codes, referring to the substance as a box or a bag, as was done in this case. In addition there is the testimony of Casaver, who testified to having been wired prior to the transaction and who had listened to the tape. Casaver said that the tape fairly and accurately depicted the conversation he had had with Kittrell when he sold the marijuana to him. He also testified that he sold Kittrell one quarter of a pound of marijuana for $300. The testimony of Dampier is explicit in that the language used in the recorded conversation referred to an illegal substance. When coupled with the testimony of Casaver regarding the tape, it is clear that the conversation specifically referred to marijuana. We therefore do not find merit in Kittrell's argument that because there is no mention of "marijuana," "dope" or "drugs" in the recorded conversation, that the evidence on this issue is insufficient to sustain the verdict or that the verdict is against the overwhelming weight *1145 of the evidence for possession of marijuana.
¶ 11. Kittrell also argues that the State failed to prove that he had possession since the marijuana was not found on his person. Although the law in this State has provided that possession is not a question susceptible of a specific rule, it has been established that in order to show possession, the State must present sufficient facts to warrant a finding that the defendant was aware of the presence and character of the substance and that the defendant was intentionally and consciously in possession of the contraband. Curry v. State, 249 So.2d 414, 416 (Miss.1971). The testimony presented on behalf of the State by Debra Butler, a forensic scientist from the State's crime lab, established the chain of custody and identification and weight of the substance confiscated by the officers after the transaction. Her testimony, along with that of Dampier and Casaver, are sufficient to show that Kittrell was aware of the presence and character of the substance and that he intentionally and consciously took possession of it. The fact that the marijuana was not on Kittrell's person when it was found does not relieve him of being in possession of it, for actual physical possession is not necessary to establish possession. A showing that the drug involved was subject to the control and dominion of the defendant establishes constructive possession. Id.; Frazier v. State, 770 So.2d 986, 988 (Miss. Ct.App.2000).
¶ 12. We believe that the State's evidence succeeded in showing that Kittrell had control and dominion of the substance and therefore was in constructive possession of the marijuana. There is a rebuttable presumption that contraband found on the premises of which the defendant has possession subjects the defendant to constructive possession. Ducksworth v. State, 767 So.2d 296, 300 (Miss.Ct.App. 2000); Powell v. State, 355 So.2d 1378, 1379 (Miss.1978).
¶ 13. In Martin v. State, 413 So.2d 730, 732 (Miss.1982), the Mississippi Supreme Court opined that the elements of constructive possession may be proved by circumstantial evidence. Casaver's testimony that Southern Hydraulics, the site of the marijuana sale, was Kittrell's shop, was not challenged by Kittrell. In fact, the record shows that Southern Hydraulics was referred to as Kittrell's place of business throughout the trial. In addition, Kittrell admits in his brief that he himself unlocked the door to the premises. These statements were not rebutted and alone imply dominion and control of the premises by Kittrell, at least during the time period after Casaver left and the confiscation of the marijuana by the officers. There was no evidence suggesting that anyone else was in the building during this time. Dampier testified that Casaver left the building and that Kittrell left five minutes later. Kittrell was in the building without Casaver during that time, just before leaving and entering his vehicle, while under surveillance, prior to having being stopped by the officers. He was, at this time, in exclusive possession of the premises and the marijuana, for Casaver had left. We thus find that the evidence supports that the contraband was under the dominion and control of Kittrell and that he was in constructive possession of the marijuana when it was confiscated.
¶ 14. In regard to the appellant's assertion that there is no evidence which supports the testimony of Teddy Casaver, other than the tape and marijuana, we point out that there is the testimony of Officer Dampier as well. This "other" testimony suffices to carry the State's burden, for the testimony of a single uncorroborated witness has been upheld as *1146 sufficient to sustain a conviction. Williams v. State, 512 So.2d 666, 670 (Miss.1987). The fact that the State did not produce the scales upon which the marijuana was weighed and the $300 cash paid for the contraband as evidence, and that law enforcement failed to take fingerprints from the bag which contained the marijuana, does not constitute reversible error, taking other evidence into account. In addition, Casaver's credibility is a question for the jury, and not cause for reversible error. That he had prior convictions and had made an agreement with the State in exchange for his testimony matters not, for the jury was so informed. It is the jury's function, not that of a reviewing court, to assess the credibility of the witnesses. Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980).
¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN AN OUNCE, BUT LESS THAN A KILOGRAM, OF MARIJUANA AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TWO YEARS SUSPENDED, AND TWO YEARS SUPERVISED PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS and CHANDLER, JJ., concur. BRANTLEY, J., not participating.