BARNES, J.,
for the Court.
¶ 1. On February 9, 2005, Danny Hope was convicted in the Hinds County Circuit Court of two counts of armed robbery, and following a sentencing hearing conducted approximately two months later, Hope was sentenced on April 8, 2005, to thirty years confinement upon each count, to run concurrently. He appeals to this Court, asserting a single issue of ineffective assistance of counsel. Assuming, for the sake of argument, the performance of Hope’s trial counsel was deficient, we find no prejudice sufficient to satisfy the second prong of Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore, we affirm the judgment and sentence of the Hinds County Circuit Court.
STATEMENT OF THE FACTS
¶ 2. On February 8, 2005, outside the presence of the jury, the State indicated that it would not pursue habitual offender status at sentencing because the prosecution believed that past convictions for aggravated assault and robbery arose from one single set of facts and that the court had actually remanded count two for aggravated assault. However, Hope contends that, in the sentencing hearing conducted two months following his conviction, the circuit court relied upon an erroneous post-conviction sentencing report (“PSR”) which listed “Armed Robber/Aggravated Assault (99-0-911-01/02)” among his prior felonies, and sentenced Hope to a greater sentence than he would otherwise have received had the PSR accurately described his conviction in cause number 99-0-911.[1] Hope did *353 not, however, receive the maximum sentence that he could have received for the two armed robbery convictions.[2] Hope’s trial attorney did not object or otherwise attempt to bring the alleged errors contained in the PSR to the attention of the circuit court.
¶ 3. As the PSR was not made part of the record, newly appointed counsel filed a motion to consider new evidence not in the record. This motion seeks to include not only the PSR, but also underlying documents which would call the accuracy of the PSR into question. We find that while it is appropriate to supplement the record to include the PSR, which was actually considered by the trial judge, it is not appropriate to supplement the record to included matters not before the trial court in rendering its decision. As an appellate court, we are precluded from considering matters raised for the first time on appeal. Anderson v. State, 904 So.2d 973, 977(¶ 5) (Miss.2004) (citing Wilcher v. State, 479 So.2d 710, 712 (Miss.1985)). Accordingly, the motion to supplement the record is, by separate order, granted in part and denied in part. The record, as supplemented, however, fails to demonstrate any prejudice to Hope by the alleged deficient performance of his counsel; therefore, we affirm.
DISCUSSION
¶ 4. The test for ineffective assistance of counsel is well known and requires a showing of both deficiency in performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984). To demonstrate that counsel’s performance was deficient during sentencing, it must be shown that the PSR, which the trial judge considered in handing down Hope’s sentence, was erroneous, and that Hope’s counsel should have objected or otherwise brought the error to the court’s attention. The PSR cannot be proven erroneous without reference to documents not contained in the record and which were not before the trial court. Upon direct appeal, an appellate court will ordinarily only reach the merits of an ineffective assistance of counsel claim if the facts are readily apparent from the record. Colenburg v. State, 735 So.2d 1099, 1101(¶ 5) (Miss.Ct.App.1999). Nevertheless, we reach the merits of Hope’s appeal because, even assuming, without deciding, that the PSR was erroneous and that counsel for Hope was deficient in failing to call the error to the trial court’s attention, we cannot, on this record, determine that Hope was prejudiced.
¶ 5. “[T]o determine the second prong of prejudice to the defense, the standard is ‘a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ This means a ‘probability sufficient to undermine the confidence in the outcome.’ ” Ransom v. State, 919 So.2d 887, 890(¶ 12) (Miss.2005) (quoting Foster v. State, 687 So.2d 1124, 1129-30 (Miss.1996) (internal citations omitted)). In the context of sentencing, Hope must demonstrate a reasonable probability that, but for his counsel’s deficient performance, his sentence would *354 have been less harsh. We are not persuaded that such prejudice can be shown, even assuming that the PSR reflects the inaccuracies which Hope asserts are contained therein.
¶ 6. The transcript of Hope’s sentencing hearing reflects that the trial court did not specifically refer to the two matters which Hope claims are erroneous. The trial court merely mentioned two prior convictions for robbery, and the PSR reflects a conviction for robbery in Hinds County Circuit Court and another conviction for robbery in Cook County, Illinois Circuit Court.[3] The trial court gave no indication that its decision was influenced by the allegedly erroneous description of the Hinds County robbery conviction contained in the PSR, and further, the trial court did not even mention the aggravated assault charge listed in the PSR. Insofar as the trial court mentioned “robbery” during the sentencing hearing colloquy, the court’s reference is accurate notwithstanding Hope’s allegation regarding the PSR’s inaccuracy, as Hope admittedly pled guilty to strong-arm robbery in connection with cause number 99-0-911 on August 24, 2000.[4]
¶ 7. As discussed above, to prevail on a claim of ineffective assistance of counsel, Hope must demonstrate not only that his counsel was deficient, but also that he was prejudiced by his counsel’s deficient performance. In addressing the prejudice issue, we note that the trial court never specifically referred to the allegedly inaccurate portion of the PSR during the sentencing hearing colloquy, referring generally to the two prior convictions for robbery and referring also to a pending charge for armed robbery and a charge pending in federal court for possession of a firearm by a convicted felon. Furthermore, there is no evidence that the allegedly erroneous portion of the PSR had any more of an impact on the sentence handed down by the trial judge than the accurate description of Hope’s conviction would have had. We conclude that Hope has not made an adequate showing of prejudice in that he has not demonstrated a reasonable probability that, but for the allegedly erroneous information contained in the PSR and counsel’s failure to object thereto, the sentence imposed by the trial court would have been less harsh than the sentence actually imposed. Hope was sentenced to two thirty-year terms to be served concurrently. Not only were both terms well below the maximum allowed by section 97-3-79 of the Mississippi Code, but we also note the leniency in allowing Hope to serve each thirty-year term concurrently, rather than consecutively. Hope has failed to demonstrate any prejudice by his trial counsel’s failure to object to the errors allegedly contained in the PSR.
¶ 8. For the foregoing reasons, we affirm the judgment and sentence of the Hinds County Circuit Court.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I-ARMED ROBBERY AND SENTENCE OF *355 THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND COUNT II-ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH THE SENTENCES TO RUN CONCURRENTLY, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ, IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.

. Hope contends that regarding the prior conviction at issue, he pled guilty to strong-arm robbery, a much less severe crime than armed robbery. Additionally, Hope asserts that a verdict was directed in his favor on the aggravated assault charge. The remaining information regarding cause number 99-0-911 contained in the PSR, including the sentencing disposition, is not in dispute.

. According to Mississippi Code Annotated section 97-3-79 (Rev.2006), the trial judge in this case could have sentenced Hope to "any term not less than three (3) years.” Only a jury can sentence a person convicted of armed robbery to life in prison; so a trial judge must impose a sentence which is reasonably calculated to be less than the defendant’s life expectancy. See Calhoun v. State, 881 So.2d 308, 312(¶ 15) (Miss.Ct.App.2004) (finding defendant’s armed robbery sentence of forty years did not constitute cruel and inhuman treatment).

. Although the PSR listed the Hinds County robbery as "Armed Robbery/Aggravated Assault," the trial judge never mentioned these two crimes during the sentencing colloquy, using only the general term "robbery" in referencing Hope's Hinds County conviction.

. As mentioned, the PSR was allegedly inaccurate by describing Hope’s conviction in Hinds County on August 24, 2000 as "Armed Robbery/Aggravated Assault (99-0-911-01/02)” rather than listing "strong-arm robbery” in the description of the offense. The PSR also reflected a pending charge of armed robbery and a charge pending in federal district court for convicted felon in possession of a firearm.