# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-KA-01758-SCT

*CHRISTOPHER FARMER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/12/1998 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARVIN VINING |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/09/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 11/30/2000 |

**BEFORE BANKS, P.J., WALLER AND DIAZ, JJ.**

**DIAZ, JUSTICE, FOR THE COURT:**

¶1. Christopher Farmer pled guilty in the Leflore County Circuit Court to aggravated assault and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections (MDOC). After Farmer sought relief under the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et seq. (2000), this Court vacated Farmer's conviction and sentence, finding that his guilty plea was involuntarily given due to inaccurate advice offered by his trial attorney, thus constituting ineffective assistance of counsel. A trial followed in which a jury convicted Farmer of aggravated assault, and he again received a sentence of twenty years in the custody of the MDOC. Farmer appeals the conviction and sentence, contending that a trial judge who hears a guilty plea which is later overturned is not qualified to sit for the subsequent trial where bias is alleged. After an exhaustive review of the record, we find no evidence of bias. Accordingly, we affirm the circuit court's judgment.

## FACTS

¶2. On May 30, 1995, Christopher Farmer pled guilty to the aggravated assault of Michael Bullard. In his "Petition To Enter A Guilty Plea," Farmer admitted the following:

On October 16th, 1994, I was at the Country Music Palace in Vaiden, Mississippi, when I saw Michael Bullard hit a young man that I knew in the head with a beer bottle, myself and two other men followed Mr. Bullard from Vaiden to Greenwood to find out why he had hit our friend, when we got

to Greenwood, I got out of the truck and approached Mr. Bullard, I had a pipe in my hand because I didn't know how Mr. Bullard would react when he saw me, at that point in time I told Mr. Bullard that he would have to talk to me about what he had done and he started chasing me, I tripped and fell to the ground with Mr. Bullard on top of me, at which point we started fighting and I hit Mr. Bullard with the pipe, I don't remember how many times I struck him or exactly where I hit him.

Circuit Judge Gray Evans sentenced Farmer to serve a term of twenty years in the custody of the MDOC. Farmer filed a motion for post-conviction relief, alleging that his guilty plea was made involuntarily. He maintained that his attorney incorrectly advised him that if he were to proceed to trial, he would serve at least eighty-five percent of his sentence upon conviction. This Court set aside the guilty plea in an unpublished decision in *Farmer v. State*, 707 So. 2d 1098 (Miss. 1998) (table), finding that counsel's erroneous advice denied Farmer effective assistance of counsel.

¶3. Prior to trial, Farmer filed a "Motion For Recusal And/Or Transfer Of Venue," in which he sought Judge Evans's recusal. Farmer alleged that:

> Judge Evans, who must now sit [sic] this case impartially and adjudicate over disputed facts of this case, has heard Defendant's version of the facts, which had to have been read into the record in order to support a plea of guilty. Were the Defendant not to take the stand in the upcoming trial, which is very likely, Judge Evans would still have in mind Defendant's version of the facts when he rules upon evidence admissibility, sentencing, etc.

Judge Evans denied the motion, refusing to recuse himself or to transfer venue.

¶4. Following a trial, the jury convicted Farmer of aggravated assault. Judge Evans again sentenced Farmer to a term of twenty years in the custody of the MDOC.

## DISCUSSION

### WHETHER A TRIAL JUDGE WHO HEARS A GUILTY PLEA WHICH IS LATER OVERTURNED IS QUALIFIED TO SIT FOR THE SUBSEQUENT TRIAL WHERE BIAS IS ALLEGED IN THE RECORD

¶5. Farmer contends that Judge Evans erred in refusing to recuse himself from the trial in this matter. Though he admits that there is no per se rule against a judge presiding at the trial of a matter in which he previously heard a guilty plea, Farmer maintains that where there is evidence of bias in the record, the judge may not properly preside at trial. He relies upon Canon 3(C)(1)(a) of the Mississippi Code of Judicial Conduct which provides as follows, "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." Farmer cites the following as examples of Judge Evans's bias against him:

> (1) At the hearing on his Motion for Recusal, Judge Evans claimed he "vaguely" remembered the facts of the case, yet when he sentenced Farmer following trial, he "recalled in great detail particular statements" made by Farmer.

> (2) Judge Evans "delayed" the trial of his own accord until November 2, 1998, election day. Farmer claims that this is "highly suggestive of bias due to political motives and the attempt to garner votes."

(3) Judge Evans shares a court administrator with the prosecutor. Moreover, the administrator is the sheriff's wife.

(4) Farmer's counsel was not allowed to cross-examine the victim as vigorously as he could have.

(5) Judge Evans refused to allow Farmer to introduce evidence of the victim's blood alcohol content on the night of the assault. Farmer claims this was done out of sympathy for the victim.

(6) During the sentencing hearing, Judge Evans improperly allowed into evidence hearsay testimony harmful to Farmer.

(7) Judge Evans sentenced Farmer to the maximum sentence despite "voluminous" evidence of his rehabilitation.

¶6. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Rutland v. Pridgen*, 493 So. 2d 952, 954 (Miss. 1986). However, the presumption is "that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a 'reasonable doubt' (about the validity of the presumption) ." *Turner v. State*, 573 So. 2d 657, 678 (Miss. 1990). When a judge is not disqualified under the constitutional or statutory provisions, "the propriety of his or her sitting is a question to be decided by the judge, and on review, the standard is manifest abuse of discretion." *Ruffin v. State*, 481 So. 2d 312, 317 (Miss. 1985). In determining whether a judge should have recused himself, the reviewing court must consider the trial as a whole and examine every ruling to determine if those rulings were prejudicial to the complaining party. *Hunter v. State*, 684 So. 2d 625, 630-31 (Miss. 1996).

¶7. Though this Court has not addressed the propriety of a judge presiding at the trial of a matter in which he previously heard a guilty plea, we have recognized that "[i]t is not unusual for a judge to sit on successive trials following mistrials or to hear on remand a case where he previously has heard and ruled on the evidence. . . ." *Garrison v. State*, 726 So. 2d 1144, 1151 (Miss. 1998). This Court has applied the same rule where a judge who previously tried a civil action hears a subsequent criminal case involving the same party and stemming from the same transaction. *Adams v. State*, 220 Miss. 812, 72 So. 2d 211, 214 (1954). *See also* *Steed v. State*, 752 So. 2d 1056, 1062 (Miss. Ct. App. 1999); *Wallace v. State*, 741 So. 2d 938, 942 (Miss. Ct. App. 1999) (trial judge is not required to recuse himself from hearing a case in which he issued a search warrant absent a showing of prejudice or bias). In recognizing the undue burden which would attend adopting a contrary rule, we explained:

[i]f we should hold that a trial judge is disqualified merely because he has previously presided at the trial of a case involving the same evidence and transaction, then it would be necessary for him to stand aside and turn the duties of his office over to a special judge in every case in which there has been a mistrial, in every case where on appeal a new trial has been ordered, in every case where he himself has granted a new trial, and in every case growing out of the same transaction or based upon the same facts. The Legislature has not so enacted and we decline to adopt such a rule.

*Garrett v. State*, 187 Miss. 441, 455, 193 So. 452, 456 (1940).

¶8. Farmer's concerns regarding Judge Evans's supposed recollection of the facts surrounding his guilty plea are no different from those raised by a trial judge presiding at a second trial on remand by an appellate

court. Though Judge Evans was privy to Farmer's earlier "admission" of guilt, the version of events recounted by Farmer at the hearing on his guilty plea is no different than the version he espoused at trial. Accordingly, absent some showing of actual prejudice or bias, we find no error in Judge Evans presiding at Farmer's trial. We turn now to Farmer's allegations of bias.

### 1. Judge Evans's Alleged Recollection of Farmer's Guilty Plea

¶9. Farmer first contends that although Judge Evans claimed he could not remember the facts of the case at the hearing on the Motion for Recusal, at the sentencing hearing he managed to recall "in great detail particular statements" made by Farmer upon entry of his guilty plea. Review of the record reveals that Judge Evans did not discuss *any* statements previously given by Farmer but only the testimony presented at the trial. Although Farmer's first claim is meritless, we address Judge Evans' remarks that could have conceivably been recollections of the earlier proceeding.

¶10. At the sentencing hearing, Judge Evans recounted the procedural history of Farmer's case. He noted that Farmer previously entered a guilty plea to the crime of aggravated assault and that "we had some question about whether [the 85%] law would be applicable to the sentences imposed after July 1st, 1995 but the alleged crime had been committed before that date." Judge Evans further recalled that this Court set aside Farmer's guilty plea due to counsel's erroneous advice regarding Farmer's potential sentence.

¶11. When imposing the twenty-year sentence, Judge Evans commented that he saw no reason for reducing the sentence previously given Farmer upon entry of his guilty plea. Judge Evans remarked "I said you had every reason to plead guilty then and take twenty years . . . ." Though this statement possibly suggests that Judge Evans remembered making a comment upon sentencing Farmer after entry of his guilty plea, it in no way operates to overcome the presumption that Judge Evans acted unbiased in the instant case.

¶12. The fact that Judge Evans recalled the procedural history of the case does not evidence bias on his part. Moreover, there is no guarantee that Judge Evans actually remembered the events surrounding Farmer's guilty plea or whether a perusal of the record in this case "refreshed" his recollection. Regardless, Farmer fails to overcome the presumption that Judge Evans acted impartially.

### 2. Scheduling the Trial For Election Day

¶13. Farmer's allegation concerning the trial date is merely speculative. He urges us to infer that Judge Evans scheduled the trial for November 2 in an attempt to garner votes. Farmer offers no proof in support of this contention. Mere speculation is not sufficient to raise a reasonable doubt as to the validity of the presumption that the trial judge was qualified and unbiased. ***Walls v. Spell***, 722 So. 2d 566, 571-72 (Miss. 1998) (citing **Turner v. State**, 573 So. 2d at 678).

### 3. Judge Evans's Court Administrator

¶14. The same can be said for Farmer's contention that we must infer bias from the fact that Judge Evans shares his court administrator with the prosecutor. He further notes that the court administrator is married to the local sheriff. Again, there is no evidence that this fact in any way affected Judge Evans, and we will not presume prejudice based upon mere speculation.

### 4. The Victim's Blood Alcohol Content

¶15. Next, Farmer attacks various evidentiary rulings as proof of bias. It is important to note that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). A trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling. *Gilley v. State*, 748 So. 2d 123, 126 (Miss. 1999).

¶16. Farmer first claims that Judge Evans refused to allow introduction of evidence of the victim's blood alcohol content "out of sympathy for the victim." At trial, Farmer's attorney proposed to question the emergency room physician about the victim's blood alcohol content. Judge Evans expressed his doubts as to the relevancy of that information, explaining,"[i]f you'll tell me and it is relevant, I'll be delighted; but what earthly relevance could his condition of sobriety have with this case?" Counsel for Farmer maintained that the evidence would support a self defense claim, though he admitted "[i]t's hard to do at this point because we haven't really put on a self defense claim . . . I think testimony can also show that [the victim] has a tendency toward violence when he gets drunk. . . . Anyone who saw him that night could testify that he was drunk and in a rage when he hit this boy in the head with a bottle." After learning that the alleged attack by the victim occurred thirty minutes before the assault at issue in the present case, Judge Evans agreed to allow such questioning, if Farmer could demonstrate relevance. At the time defense counsel proposed to question the emergency room physician, he had not yet established the relevancy of the victim's alleged intoxication on the night of the assault. Judge Evans had agreed to allow Farmer to recall the witness if and when he demonstrated relevancy. However, Farmer did not make a subsequent attempt to recall nor question the witness. Moreover, the jury did in fact hear testimony that the victim had attacked an individual with a beer bottle earlier in the evening. There was no prejudice, and we, therefore, determine this assignment of error to be without merit.

### 5. Cross-Examination of the Victim

¶17. Farmer next contends that Judge Evans did not allow him to cross-examine the victim "as vigorously and in as great a detail as was necessary." Farmer alleged that the victim appeared to be "hiding behind his mental incapacity, which conveniently kicked in whenever key details of Appellant's self defense were in question."

¶18. We are unable to ascertain in what manner the victim "hid behind" his memory loss. During his cross-examination, the victim stated that he did not remember the events of the evening of the assault. After he denied any memory of hitting an individual with a beer bottle earlier in the evening, defense counsel stated "[w]ell, you remember some things about what happened that night obviously because you remember hitting the boy in the head with a beer bottle, you remember --." Judge Evans admonished Farmer, informing him that he could not testify for the victim. He explained,

> I'm not going to permit this to go any further . . . with you testifying and asking him questions which he has told you he doesn't remember anything about it. He said he didn't remember hitting the man in the head with the beer bottle. You may question him if he remembers about anything you wish but he will have to state whether he remembers it or not and I don't want words put in his mouth.

After defense counsel remarked that it was "pointless" to go into details due to the victim's memory lapse, Judge Evans informed him that he was allowed to cross-examine the witness and determine "at what point he has any memory of what happened that night . . ." However, he again warned against mischaracterizing

the victim's testimony or testifying for him. Upon concluding his cross-examination, defense counsel remarked, "I think that's about all I have, Your Honor, if it's his testimony that the entire night is a blackout to him and that's just what we got. I tender the witness, Your Honor."

¶19. Judge Evans merely instructed defense counsel not to testify on the victim's behalf or "put words in his mouth." Given the fact that the victim sustained a severe brain injury, it is doubtful that he feigned an inability to recall the events surrounding the attack simply to avoid testifying. By refusing to allow defense counsel to continue questioning the victim about events of which he previously stated he had no recollection, Judge Evans did not improperly limit the cross-examination. We find no error.

### 6. Hearsay Testimony During Sentencing

¶20. Farmer contends that Judge Evans improperly allowed into evidence hearsay testimony regarding Farmer's supposed threats to a prosecution witness. Sheriff Banks stated that "the witness, Mr. Siklas, talked to me before Court and Mr. Farmer had called him two or three different times and Mr. Siklas was afraid of him by the remarks that he made in the telephone conversations . . . ." Farmer further notes that the State made similar hearsay statements regarding Siklas's fear of Farmer. No objection to these statements appears in the record. Failure to make a contemporaneous objection to statements offered during sentencing waives the issue for appeal purposes. *Gatlin v. State*, 724 So. 2d 359 (¶ 50) (Miss. 1998).

### 7. Farmer's Sentence

¶21. Finally, Farmer alleges that Judge Evans erred in sentencing him to the maximum sentence for aggravated assault "despite voluminous evidence of his rehabilitation." Apparently, Farmer feels that because he obtained a general equivalency degree (G.E.D.), learned a trade, and became what he considers "a model citizen," he should not have received the maximum sentence. Though Farmer's accomplishments are commendable, they certainly do not entitle him to a lighter sentence. Testimony at trial revealed that Farmer followed the victim from Vaiden to Greenwood with the express intention of "whipping his ass." He then beat the victim with an iron pipe, leaving him "near death." So long as the sentence imposed is within the statutory limits, sentencing is generally a matter of trial court discretion. *Wallace v. State*, 607 So. 2d 1184, 1188 (Miss. 1992). Again, we find no error.

## CONCLUSION

¶22. After a thorough examination of the record paying particular attention to those incidents indicated by Farmer, we find no evidence of bias or reason to question the trial judge's impartiality. Absent evidence of actual prejudice or bias showing abuse of discretion, we shall not overturn a trial judge's decision. Therefore, the judgment of the Leflore County Circuit Court is affirmed.

¶23. **CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED.**

**PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**