878 So.2d 254 (2004)
John JONES, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-01451-COA.
Court of Appeals of Mississippi.
July 20, 2004.
*255 John Jones, appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., BRIDGES, P.J., and CHANDLER, J.
KING, C.J., for the Court.
¶ 1. John Jones entered a plea of guilty to capital murder as an habitual offender on September 1, 1988. On August 7, 2001, Jones filed a motion for post-conviction relief in the Circuit Court of Tunica County. Five months later on December 26, 2001, Jones filed an amended motion. He appeals from the summary denial of his motion for post-conviction relief as time-barred.
¶ 2. Jones argues that his motion is not time-barred under the statute, that the trial court failed to establish at his sentencing hearing that his prior convictions arose out of separate incidents, and that the indictment was defective.
¶ 3. Finding no error, we affirm.

FACTS
¶ 4. Jones entered a guilty plea to capital murder as an habitual offender. Jones was charged with being a recidivist under Mississippi Code Annotated § 99-19-81, having twice previously been convicted of felonies in 1987 in Coahoma County. As a result, Jones was sentenced to life imprisonment without possibility of parole on September 1, 1988.
¶ 5. Nearly thirteen years later, on August 7, 2001, Jones filed a pro se "Motion for Post Conviction Relief." In his motion Jones contended that he was erroneously sentenced as an habitual offender under § 99-19-81 and that his indictment was fatally defective in that the information on the two previous convictions was on a separate page and after "against the peace and dignity of the state." In his "Amended Motion for Post-Conviction Collateral Relief," filed on December 26, 2001, Jones again argued that the portion of the indictment charging him as an habitual offender followed the conclusion of the indictment.
¶ 6. On July 23, 2002, the circuit judge entered an order summarily denying Jones' motions for post-conviction relief, based on the three year time bar of Mississippi Code Annotated § 99-39-5(2). Jones filed his notice of appeal from that order on August 19, 2002.

DISCUSSION
¶ 7. The decision of the circuit court to deny the motion for post-conviction relief as time-barred was correct. Mississippi Code Annotated § 99-39-5(2)(Rev.2000) provides that "[a] motion for relief under this chapter shall be made ... in case of a guilty plea, within three (3) years after entry of the judgment of conviction." There are exceptions listed in the statute but none are applicable to Jones and he does not raise these as grounds for relief. Although we find that the decision of the circuit court should be affirmed, we also look at the specific issues raised by Jones.

1. Application of the Time Bar

¶ 8. Jones' first argument is that the three year statutory time bar should *256 not be applied against him because he initially sought post-conviction relief in 1991 within the three year period after his guilty plea. He contends that based on equitable tolling his motions filed in 2001 should be considered as timely.
¶ 9. Jones never raised this issue with the circuit court in either of the two post-conviction relief motions which were filed and did not include in the appellate record any documentary support for this argument. Following our familiar rule, this Court cannot find the trial court in error on a matter which was not presented to the court for review. Smith v. State, 724 So.2d 280 (¶ 143)(Miss.1998). This issue is procedurally barred.

2. Application of Habitual Offender Status

¶ 10. Jones was indicted and sentenced as an habitual offender under Mississippi Code Annotated § 99-19-81 (Rev.2000), which provides
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and rising out of separate incidents at different times and who has been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony and such sentence shall not be reduced or suspended not shall such person be eligible for parole or probation.
¶ 11. In his argument, Jones apparently confused this statute with Mississippi Code Annotated § 99-19-83 (Rev.2000) which requires that one of the two previous crimes be a crime of violence. Jones is correct that neither of his two previous convictions, one for grand larceny and one for auto burglary, are crimes of violence, but he did receive five year sentences with three years suspended on each. Although both incidents apparently occurred on the same day, the indictments included in the record shows that they meet the requirement of "rising out of separate incidents at different times." Based on the record before us, Jones was properly sentenced for his crime.

3. The McNeal Argument

¶ 12. Jones' third argument is that his indictment was constitutionally defective in that the habitual offender portion was on a separate page and came after the words "against the peace and dignity of the state." This argument is premised on the supreme court's holding in McNeal v. State, 658 So.2d 1345 (Miss.1995).
¶ 13. By pleading guilty, Jones waived any defect in the indictment. Foster v. State, 716 So.2d 538, 539(¶ 5) (Miss.1998). Also, the supreme court later amended its decision in McNeal in Brandau v. State, holding that any such defect was one of form, non-jurisdictional and curable by amendment. Brandau v. State, 662 So.2d 1051, 1054 (Miss.1995)(failure to object to the form of his indictments waived the issue). Having failed to raise this issue at the time of his plea, Jones waived the issue. See Buford v. State, 756 So.2d 815, 816(¶ 4) (Miss.Ct.App.2000).
¶ 14. Finding that the circuit court properly found Jones' request for post-conviction relief time-barred, we affirm that judgment.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TUNICA COUNTY.
*257 BRIDGES AND SOUTHWICK, P.JJ., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.