956 So.2d 1078 (2007)
Phillip SHUMAKER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KP-00039-COA.
Court of Appeals of Mississippi.
May 15, 2007.
*1081 Phillip Shumaker, Appellant, pro se.
Office of the Attorney General by John R. Henry, Attorney for Appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
MYERS, P.J., for the Court.
¶ 1. Phillip Shumaker was indicted on May 6, 2005, in the Circuit Court of Lowndes County for the sale of cocaine. However, at the time of Shumaker's indictment, he was awaiting trial in Tennessee on unrelated felony charges. Shumaker was later convicted of the charges pending in Tennessee and the State of Mississippi moved to amend the indictment against Shumaker so as to charge him as a habitual offender based upon his three felony convictions in Tennessee. However, the trial court did not grant the State's motion to amend the indictment at that time. The trial proceeded in Lowndes County on November 29, 2005, and Shumaker was found guilty. Thereafter, Shumaker filed post-trial motions. Before the trial court ruled on Shumaker's post-trial motions, an order was entered amending the indictment to reflect Shumaker's habitual offender status. Shumaker was then convicted and sentenced as a habitual offender to serve a term of life in the custody of the Mississippi Department of Corrections (MDOC). By virtue of the habitual offender status, his sentence was ordered to be served without eligibility for parole or probation. Shumaker now appeals to this Court, requesting review of fourteen issues. For the sake of clarity and judicial economy, we have recast and combined several of the issues in our discussion.

DISCUSSION
I. WHETHER THE TRIAL COURT ERRED IN DENYING SHUMAKER'S MOTION TO DISMISS FOR FAILURE TO GRANT A SPEEDY TRIAL?
*1082 ¶ 2. Shumaker asserts that the trial court erred in denying his motion to dismiss for failure to provide him a speedy trial because the delay violated his rights guaranteed under both federal and state law. The State argues that the trial court properly denied Shumaker's motion to dismiss for failure to provide a speedy trial based upon its finding that he had not met the initial requirement of showing presumptive prejudice. We are to review trial court decisions to deny motions to dismiss for manifest error. Mitchell v. State, 792 So.2d 192, 213(¶ 80) (Miss.2001).
¶ 3. Both federal and state laws protect a criminal defendant's right to a speedy trial. When an appellant asserts a violation of his rights under the United States Constitution and under the laws of Mississippi, we are to employ two separate analyses in our review. The right to a speedy trial is guaranteed under federal law by the Sixth Amendment to the United States Constitution and is applicable to the state via the Fourteenth Amendment. Mississippi constitutionally[1] protects the right to a speedy trial and statutorily[2] limits the time in which a defendant must be tried. While the right to a speedy trial is protected both constitutionally and statutorily, "[a]ny inquiry into a violation of the right to a speedy trial must necessarily begin with an analysis of our state statutory right, as the State has the right to craft laws so long as they are not in violation of the minimum standards set by the federal constitution." Guice v. State, 952 So.2d 129 (¶ 63) (Miss.2007).
¶ 4. Our legislature has limited the time frame for which a criminal defendant must be tried under the "270 day" rule pursuant to Mississippi Code Annotated section 99-17-1. The rule provides that charges under indictments must be tried within the next 270 days after arraignment, unless good cause is shown and a continuance is granted. Shumaker waived arraignment on August 15, 2005, and his trial began 106 days later on November 29, 2005. The elapsed time period, for the purposes of a speedy trial analysis under Mississippi Code Annotated section 99-17-1, falls within the acceptable parameters and does not violate the 270-day rule. Therefore, Shumaker's assertion of a violation of his right to a speedy trial, pursuant to the laws of Mississippi, fails. A determination of whether an accused has been afforded a speedy trial within the parameters set forth in Mississippi Code Annotated section 99-17-1 requires a stricter analysis than what is constitutionally required. Thus, it follows that if the time period that an accused has had to wait before going to trial is not violative of the mandate of Mississippi Code Annotated section 99-17-1, then a state constitutional violation has not occurred either.
¶ 5. Nevertheless, we proceed with our analysis of Shumaker's claim that his right to a speedy trial was unconstitutionally denied in violation of the Sixth and Fourteenth Amendments to the United States Constitution.[3] The United States *1083 Supreme Court identified four factors courts must use in determining whether a criminal defendant's right to a speedy trial has been violated pursuant to the Sixth Amendment to the United States Constitution. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These enumerated factors have been adopted by our courts so that we review on a case-by-case basis "(1) the length of delay, (2) the reasons for the delay, (3) assertion of his right to a speedy trial, and (4) prejudice to the defense." Sharp v. State, 786 So.2d 372, 380(¶ 15) (Miss.2001).
¶ 6. Our discussion of whether Shumaker incurred a prejudicial pre-trial delay begins with addressing the first factor of the Barker analysis: the length of the delay. This factor has been described as somewhat of a "triggering mechanism." Until it is established that there has been some delay which is presumptively prejudicial, there is no need for further analysis of the remaining balancing factors. Barker, 407 U.S. at 530, 92 S.Ct. 2182; Perry v. State, 637 So.2d 871, 874 (Miss.1994). Our supreme court has established that "a delay of eight (8) months or more [between arrest and trial] is presumptively prejudicial." Reynolds v. State, 784 So.2d 929, 933(¶ 10) (Miss.2001). However, in a situation where the accused is already detained in another jurisdiction, we are to use the date of extradition to determine the time that the constitutional right to a speedy trial attached. Price v. State, 898 So.2d 641, 648(¶ 13) (Miss.2005). An accused's constitutional right to a speedy trial arises on the date of extradition because this is the time the "actual restraints [are] imposed by the State against [an accused] through an arrest and institution of criminal charges." Id.
¶ 7. In this case, a warrant was issued by Lowndes County, Mississippi for Shumaker's arrest on August 24, 2004 for the sale of cocaine in Mississippi; however, at this time Shumaker was in the custody of Tennessee awaiting trial on other unrelated charges. Mississippi sent an extradition notice to officials in Tennessee and Shumaker waived extradition on June 22, 2005, following his conviction in Tennessee. Shumaker later waived his arraignment on August 15, 2005, and went to trial on November 25, 2005, on the charge of selling cocaine in Mississippi. Only 161 days elapsed between the time of his waiver of extradition and his trial, which is approximately two and one-half months shy of reaching a presumptively prejudicial amount of time. Thus, the delay was not presumptively prejudicial against Shumaker, so that the analysis goes no further. Perry, 637 So.2d at 874.
¶ 8. We find that the delay before Shumaker's trial did not amount to a violation of his statutory or his constitutional right to a speedy trial. Accordingly, we find no manifest error in the trial court's denial of Shumaker's motion to dismiss based on a violation of his right to a speedy trial. Therefore, we find the trial court did not err on this issue.
II. WHETHER SHUMAKER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 9. Shumaker argues that he received ineffective assistance of counsel due to his lawyer's failure to file a motion to dismiss the case against him based upon the prejudice resulting from the pre-trial delay. He further asserts that his court-appointed lawyer did not contact him.
*1084 ¶ 10. When an appellate court is presented with a claim of ineffective assistance of counsel by direct appeal, we are to dismiss the claim without prejudice unless "(1) the record affirmatively show[s] ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge." Colenburg v. State, 735 So.2d 1099, 1101(¶ 5) (Miss.Ct.App.1999) (citing Read v. State, 430 So.2d 832, 841-42 (Miss. 1983)).
¶ 11. Our review of the record before us does not find an affirmative showing of ineffectiveness. In fact, the record before us indicates that Shumaker's claim of ineffective assistance of counsel is likely without merit. The record indicates that Shumaker filed his own motion to dismiss for failure to provide a speedy trial and the motion was argued by his retained attorney before his trial began. In addition, the record contains an order dated November 8, 2005, allowing his court-appointed attorney to withdraw and substituting another hired attorney to enter the case. Thus, the two issues upon which Shumaker bases his claim would both be without merit. Furthermore, neither of the parties has stipulated so as to allow this Court to make a finding regarding Shumaker's claim of ineffective assistance. Thus, we find that Shumaker's claim of ineffective assistance of counsel may be better raised in a motion for post-conviction relief. Therefore, we dismiss this claim without prejudice.
III. WHETHER THE VIDEO EVIDENCE WAS IMPROPERLY ADMITTED?
¶ 12. Shumaker argues, for the first time on appeal, that the video evidence showing the circumstances surrounding the confidential informant's controlled buy of cocaine from him was erroneously entered into evidence during his trial. He asserts that the video played for the jury was tampered with and fabricated; however, he provides no supporting facts beyond his own assertion. Further, he asserts that the admittance of the video was irrelevant because it failed to show the actual exchange of the cocaine between him and the informant. While the fact that Shumaker did not object to the introduction of the video evidence at trial procedurally bars him from doing so here, we proceed to discuss the merits of his argument, nonetheless.
¶ 13. The standard of review for admission or exclusion of evidence is abuse of discretion. Smith v. State, 839 So.2d 489, 496(¶ 17) (Miss.2003). Trial court decisions in matters regarding the chain of custody of evidence will not be disturbed absent a finding of abuse. Anderson v. State, 904 So.2d 973, 979(¶ 19) (Miss.2004). The "test for the continuous possession [i.e., `chain of custody'] of evidence is whether or not there is any indication or reasonable inference of probable tampering with the evidence or substitution of the evidence." Id. (quoting Gibson v. State, 503 So.2d 230, 234 (Miss.1987)). "`In such matters, the presumption of regularity supports the official acts of public officers,' and, thus, the burden to produce evidence of a broken chain of custody is on the defendant." Id. (quoting Nix v. State, 276 So.2d 652, 653 (Miss.1973)).
¶ 14. We can find no evidence in the record, nor in Shumaker's brief, that supports the assertion that the video evidence was tampered with or fabricated. Further, the admittance of the video into evidence was within the trial court's discretion. We decline to find that the trial court's admission of the video evidence against Shumaker was an abuse of discretion. *1085 Accordingly, we affirm the decision of the trial court and dismiss Shumaker's argument concerning the admittance of the video into evidence.
IV. WHETHER THE TRIAL COURT ERRED IN ALLOWING A WITNESS TO TESTIFY?
¶ 15. Shumaker argues that the State's informant was not credible and impeached himself through lies and falsehoods, and thus the trial court erred in allowing him to testify regarding the drug transaction. We find this issue without merit because, "[w]hen an informant testifies in open court and his background is thoroughly explored, it is up to the jury to assess his credibility." Mallard v. State, 798 So.2d 539, 543(¶ 12) (Miss.2001). Furthermore, our review of the trial transcript reveals that no objection was made during the trial to the informant's testimony. Thus, the issue is procedurally barred from our review here.
V. WHETHER THE TRIAL COURT ERRED IN ALLOWING THE COCAINE EVIDENCE TO BE ADMITTED?
¶ 16. Shumaker argues that it was error for the trial court to allow the introduction of the cocaine evidence against him because the State failed to sufficiently prove chain of custody. More specifically, Shumaker argues that the chain of custody was faulty because the Mississippi Bureau of Narcotics did not search the confidential informant's home before the controlled buy took place. In support of his argument, he intimates that the cocaine which he was convicted of selling to the confidential informant could have been hidden inside the confidential informant's home before he arrived. Our review of the trial transcript reveals that Shumaker never objected to the introduction of the cocaine evidence at trial or to the demonstration of the chain of custody.
¶ 17. We are to review a trial judge's decision regarding the relevancy and admissibility of evidence with a great deal of deference to his discretion. Farmer v. State, 770 So.2d 953, 958(¶ 14) (Miss. 2000). This Court will not reverse the judge's ruling unless he abuses his discretion so as to be prejudicial to the accused. Id. However, we need not review a complaint of an insufficient demonstration of the chain of custody or the admission of evidence for the first time on review. Johnson v. State, 904 So.2d 162, 170(¶ 23) (Miss.2005). Thus, we are procedurally barred from doing so here.
VI. WHETHER THE STATE COMMITTED REVERSIBLE ERROR DURING ITS CLOSING ARGUMENT BY MAKING IMPROPER REMARKS AND INTRODUCING FACTS NOT PREVIOUSLY INTRODUCED INTO EVIDENCE?
¶ 18. Shumaker claims that the trial judge erred in allowing the prosecutor to label him a "convicted drug dealer" and to argue facts which were not in evidence during the closing argument. He claims that the State's use of the inflammatory language and the introduction of facts not presented within either party's case-in-chief during the State's closing argument stripped away his right to a presumption of innocence and was reversible error. We are to review comments made during closing arguments by determining "whether the natural and probable effect of the improper argument [creates] unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created." Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000).
¶ 19. The prosecutor's statement during the summation of which Shumaker complains reads in pertinent part,

*1086 Ladies and gentlemen, I submit to you we have now proven every one of these things beyond a reasonable doubt, and this defendant no longer sits before you presumed to be innocent, but rather he sits before you a convicted drug dealer, convicted of dealing drugs in Lowndes County, Mississippi.
We first note that Shumaker did not contemporaneously object to the remarks; therefore, his claim is procedurally barred. In order to perfect the issue for appeal, a contemporaneous objection must be made. Otis v. State, 853 So.2d 856, 864(¶ 23) (Miss.Ct.App.2003). Further, we find that this argument made by Shumaker to be without merit.
¶ 20. "It is well-settled that `counsel is allowed considerable latitude in the argument of cases and is limited not only to the facts presented in evidence, but also to deduction and conclusions he may reasonably draw therefrom, and the application of the law to the facts.'" Sanders v. State, 801 So.2d 694, 704(¶ 39) (Miss. 2001) (quoting Wells v. State, 698 So.2d 497, 506 (Miss.1997)). If a prosecutor's closing argument does not result in "unjust prejudice against the accused as to result in a decision influenced by the prejudice so created, [we] will find it harmless." Sanders, 801 So.2d at (¶ 39) (citing Wells, 698 So.2d at 507).
¶ 21. Our review of the trial transcript reveals that the trial court did not err in allowing the prosecutor to present his closing argument as he did on behalf of the State. During summation, the State properly argued its theory of the case, applied the law to the facts, and made deductions and conclusions based on the evidence presented. We cannot find that the language implored by the State during summation unjustly prejudiced Shumaker. Therefore, we hold that Shumaker's argument that the prosecutor's remarks were reversible error fails, first, because it is procedurally barred, and, second, because the claim is without merit.
VIII. WHETHER THE INDICTMENT AGAINST SHUMAKER WAS PROPERLY AMENDED TO CHANGE SHUMAKER'S STATUS TO A HABITUAL OFFENDER?
¶ 22. Shumaker asserts that he should not have been subject to habitual offender status in his sentencing because the trial court was without authority to allow the amendment, because he was prejudiced by unfair surprise, and because he did not qualify for the status pursuant to Mississippi Code Annotated sections 99-19-81 or 99-19-83. Further, he asserts that his sentence violates his constitutionally protected rights under the Eighth Amendment.
¶ 23. The grand jury initially indicted Shumaker for the sale of cocaine in violation of Mississippi Code Annotated section 41-29-139 (Rev.2005). Following Shumaker's three felony convictions in Tennessee, the State moved to amend the indictment against Shumaker to change his status to a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2000) on August 15, 2005. The State introduced, as exhibits, three prior Tennessee felony certified convictions in support of its motion to amend the indictment. However, during the pre-trial motion hearings, defense counsel requested that the trial court defer ruling on the motion until sentencing, if events were to proceed to that stage. The trial judge honored the defense's request, deferring his ruling on the motion to amend the indictment until the sentencing stage. After Shumaker was convicted, the State filed another motion to amend the indictment to include Shumaker's status as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83; this motion was granted. Shumaker *1087 was then sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 to a term of life in the custody of the MDOC without the possibility of parole or probation.
¶ 24. Shumaker asserts that the trial court was without authority to amend the indictment against him during the sentencing stage of the trial. He argues that the trial court took it upon itself to amend the indictment against him without the authority of the grand jury. We first point out that the trial court did not sua sponte amend the indictment against Shumaker. Rather, the trial court granted the State's motion to amend the indictment to change Shumaker's status to a habitual offender. A trial court is within its power to allow amendments to indictments to include language reflecting an accused's status as a habitual offender without grand jury action upon proper motion by the State. URCCC 7.09; Owens v. State, 869 So.2d 1047, 1050(¶ 14) (Miss.Ct.App.2004).[4]
¶ 25. "Rule 7.09 of the Uniform Rules of Circuit and County Court . . . allows for the amendment of an indictment in order to charge an offender as a habitual offender." Wilson v. State, 935 So.2d 945, 948(¶ 10) (Miss.2006). However, an indictment may only be amended to change the status of an accused to a habitual offender if he is given a "fair opportunity to present a defense and is not unfairly surprised." URCCC 7.09. "The test for whether an amendment to the indictment will prejudice the defense is whether the defense as it originally stood would be equally available after the amendment is made." Eakes v. State, 665 So.2d 852, 859-60 (Miss.1995). Shumaker was given more than three months notice before trial that the State sought to change his status to a habitual offender based upon three prior felony convictions. This amount of forewarning can hardly be said to create an unfair surprise of the State's intentions to change Shumaker's status to that of a habitual offender. Furthermore, the amendment of the indictment did not affect his defense during the trial so as to prejudice him because the prior felony convictions were only used to enhance his sentence, not utilized as an underlying element of the charge of selling cocaine. Thus, we cannot say that Shumaker was unfairly surprised or prejudiced in his defense by the motion to amend the indictment.
¶ 26. Next, we address Shumaker's argument that he was "tried" in error as a habitual offender. The purpose of amending an indictment to include the language regarding an accused's previous convictions is to change the accused's status during sentencing, not to add an additional element to the charged crime. Wilson, 935 So.2d at (¶ 12). "[P]rior offenses used to charge the defendant as an habitual offender are not substantive elements of the offense charged." Swington v. State, 742 So.2d 1106, 1118(¶ 44) (Miss.1999). Thus, Shumaker was not "tried" as a habitual offender, rather he was sentenced with this status based on prior felony convictions.
¶ 27. Shumaker argues that he did not qualify as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83, asserting that he only had been previously convicted once before his conviction at issue in this appeal. Our review of the record indicates that Shumaker's assertion that he was only convicted once before his conviction in this case is *1088 incorrect. The State introduced as exhibits during the motion hearing certified copies of three separate convictions for felonies occurring in Tennessee. While we note that each of the three convictions was based on offenses occurring on the same day, the convictions, nonetheless, were separate convictions arising from different crimes. Separate convictions based upon different crimes, even if the crimes of which a defendant is convicted occurred on the same day, may serve as prior offenses to be considered in sentencing a defendant as a habitual offender. Jones v. State, 878 So.2d 254, 256(¶ 11) (Miss.Ct.App.2004). We, thus, find no error in qualifying Shumaker as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83.
¶ 28. Lastly, we find that Shumaker's assertion, without supporting argument, that his Eighth Amendment rights were violated by his sentence, is without merit. The Eighth Amendment prohibits the sentencing of a criminal defendant to cruel or unusual punishment. The case law of our courts and the courts within our federal district has well established that a sentence of a life term predicated on habitual offender status pursuant to Mississippi Code Annotated section 99-19-83 is constitutionally sound. See McGruder v. Puckett, 954 F.2d 313, 317 (5th Cir.1992); Davis v. State, 724 So.2d 342, 344(¶ 11) (Miss.1998); Bandy v. State, 495 So.2d 486, 492 (Miss.1986); Forkner v. State, 902 So.2d 615, 625 (Miss.Ct.App. 2004). Shumaker was sentenced within the mandatory statutory limits of Mississippi Code Annotated section 99-19-83 as a habitual offender.
¶ 29. We find no merit in Shumaker's argument concerning trial court error in allowing the amendment of the indictment to include language regarding his habitual offender status. Shumaker had sufficient notice regarding his status change in the indictment, and this change did not affect substantial rights; thus, he was not unfairly prejudiced by the amendment. The three previous convictions, properly introduced, qualified Shumaker as a habitual offender and his sentence does not violate the Eighth Amendment. We find the trial court did not err in amending the indictment to change Shumaker's status to a habitual offender under Mississippi Code Annotated section 99-19-83.
¶ 30. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF THE SALE OF COCAINE AND SENTENCE OF LIFE AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT.
NOTES
[1] Our state constitution requires that an accused be granted "[i]n all prosecutions by indictment or information, a speedy and public trial. . . ." Miss. Const. of 1890, art. 3, § 26.
[2] Mississippi Code Annotated section 99-17-1 (Rev.2000) provides that "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned."
[3] We note that, in addition to Shumaker's assertions that his Sixth and Fourteenth Amendment rights were violated under the Constitution, he also asserts a violation of the Equal Protection Clause due to the lack of a speedy trial. We find this argument misplaced, however, as a challenge to the right to a speedy trial under federal law necessarily involves a challenge concerning the Sixth Amendment as compared to a challenge to equal protection under the Fourteenth Amendment.
[4] We note that this State does not require the status phase, in which an accused is indicted as a habitual offender, to be conducted prior to the sentencing phase in a case involving the imposition of a life term. Gray v. State, 605 So.2d 791, 794 (Miss.1992).