# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-KA-00013-SCT

*TALIB MUJAHID a/k/a TALIB ABDUL MUJAHID*
*a/k/a TALIB MUJAHED*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2019 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| TRIAL COURT ATTORNEYS: | KRISTEN E. MARTIN |
| | MICHAEL DUANE MITCHELL |
| | DENNIS LEE BISNETTE |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | HUNTER NOLAN AIKENS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ASHLEY LAUREN SULSER |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/19/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. A jury found Talib Mujahid guilty of selling methamphetamine. He was sentenced to eight years in prison. His appellate counsel has filed a ***Lindsey*** brief, certifying he found

no arguable issues to appeal.[1] Mujahid opted to file a pro se brief. He argues the judge should have recused, a witness was wrongly allowed to testify, he was incorrectly sentenced as a habitual offender, and his trial counsel was ineffective.

¶2. After review, we find no merit to any of Mujahid's claims. We affirm Mujahid's conviction and sentence for sale of methamphetamine.

## Background Facts and Procedural History

¶3. On July 7, 2016, a confidential informant (CI) working with the Jones County Sheriff's Department set up a drug transaction with Mujahid. After meeting with deputies and being equipped with audio and video surveillance equipment, the informant met with Mujahid. The CI then purchased 0.379 grams of methamphetamine from Mujahid. This controlled drug sale led to Mujahid's drug-distribution indictment under Mississippi Code Section 41-29-139. Based on Mujahid's prior armed-robbery and receiving-stolen-property convictions, the State filed its notice to charge Mujahid as a habitual offender.

¶4. Michael Mitchell represented Mujahid at trial. Before trial began, Mitchell informed Judge Williamson that Mujahid had been in a car accident two weeks earlier. Mitchell felt the wreck was a weak excuse for a continuance. But Mujahid demanded he seek a continuance. Mitchell suggested that Mujahid be allowed to personally make the request. After hearing from Mujahid, the court found no cause for a continuance, and trial commenced. The jury found Mujahid guilty.

---

[1] *See* **Lindsey v. State**, 939 So. 2d 743 (Miss. 2005).

¶5. At sentencing, the court found the State had proved Mujahid's habitual-offender status. He sentenced Mujahid under Mississippi Code Section 99-19-81 (Rev. 2020) to eight years to be served day for day.[2] Mujahid's appellate counsel filed a ***Lindsey*** brief, certifying he found no arguable issues to appeal.[3] Mujahid filed a pro se brief.

## Discussion

¶6. In his pro se brief, Mujahid claims: (1) the trial judge should have recused; (2) the judge should have excluded one of the State's witnesses; (3) his previous convictions were too remote to qualify him as a habitual offender; and (4) his counsel was ineffective.

### I. Recusal

¶7. Mujahid first argues that Judge Williamson was required to recuse. We disagree.

---

[2] Under Mississippi Code Section 41-29-139(b)(1)(A) (Rev. 2018), the punishment for transfer and possession with intent to transfer of a Schedule II controlled substance is imprisonment for "not more than eight (8) years." The habitual-offender statute provides that "[e]very person convicted in this state of a felony who shall have been convicted twice previously of a felony . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony." Miss. Code. Ann. § 99-19-81.

[3] ***Lindsey*** requires a defendant's appellate counsel to file a brief certifying

that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

***Lindsey***, 939 So. 2d at 748. Counsel must then send a copy of the brief to the defendant and advise the defendant of his or her right to file a pro se brief. ***Id.***

¶8. In his brief, Mujahid references his two previous trials for similar charges before Judge Williamson. One of these trials ended in a mistrial, and the other ended in an acquittal. Mujahid suggests that because Judge Williamson presided over these two earlier trials, it is "self-evident" he should have recused from this trial. But Mujahid does not explain why. Not only are these claims unsupported, they are also barred since Mujahid has not cited the record or relevant authority. M.R.A.P. 28(a)(7).

¶9. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Farmer v. State*, 770 So. 2d 953, 956 (Miss. 2000) (quoting *Rutland v. Pridgen*, 493 So. 2d 952, 954 (Miss. 1986)). "'[T]he presumption is 'that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a "reasonable doubt" (about the validity of the presumption).'" *Id.* at 956 (citing *Turner v. State*, 573 So. 2d 657, 678 (Miss. 1990)). And this Court has held that "[i]t is not unusual for a judge to sit on successive trials following mistrials or to hear on remand a case where he previously has heard and ruled on the evidence . . . ." *Id.* at 957 (citing *Garrison v. State*, 726 So. 2d 1144, 1151 (Miss. 1998)).

¶10. Mujahid has not overcome the presumption of the trial judge's impartiality. Nor does the record show any bias or necessity for disqualification on Judge Williamson's part.

## II. Witness's Testimony

¶11. Mujahid next argues that the judge should have excluded the CI's testimony. "The admission of testimonial evidence is left to the sound discretion of the trial court and it will

be found in error only when it has abused that discretion." ***Walker v. State***, 913 So. 2d 198, 230 (Miss. 2005) (quoting ***Lynch v. State***, 877 So. 2d 1254, 1281 (Miss. 2004)).  It is the jury, not the trial judge or this Court, that determines "the weight and credibility to give witness testimony and other evidence."  ***Flynt v. State***, 183 So. 3d 1, 14 (Miss. 2005) (quoting ***Barfield v. State***, 22 So. 3d 1175, 1187-88 (Miss. 2009)).

¶12.    Mujahid argues the judge should have "determine[d] the validity of [the CI's] truthfulness" based on his criminal history before allowing him to testify.[4]  But again, it is the jury that assesses witness credibility and the weight and worth of testimony.  ***Robinson v. State***, 247 So. 3d 1212, 1227 (Miss. 2018).  Here, the judge properly instructed the jury to "scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief."  The court also instructed that after making their own judgment, jurors were to "give the testimony of each witness the credibility, if any" they believed it deserved.  And the CI's criminal history was discussed at trial.  So the jury was well aware of it when assessing his credibility.

¶13.    Mujahid also briefly mentions the audio and video equipment used during the drug transaction.  He argues the cameras were "vague" and the audio and video equipment were "invalid" and thus should have been excluded from trial.  But the quality of these mediums goes to the weight of the evidence, not admissibility.

---

[4] The CI had been convicted of burglary twice in the past.  In addition, Mujahid argues that the CI's "present sexual charge" should have also prevented him from testifying.  There is no record evidence of this charge.

5

### III. Habitual-Offender Status

¶14. Mujahid next argues his prior convictions were too remote to satisfy the habitual-offender-status requirements. He was convicted of armed robbery in 1982 and receiving stolen property in 1993. He points to Mississippi Rule of Evidence 609 and argues that because these convictions are more than ten years old, they do not qualify him as a habitual offender. But Rule 609 is an evidentiary rule, that addresses when and what types of convictions may be used to *impeach* a witness if more than ten years has elapsed since the date of conviction. It has no application to Mississippi Code Section 99-19-81—the habitual-offender statute under which Mujahid was sentenced. That statute says "every person in this state of a felony who shall have been convicted twice previously of any felony" is eligible to be charged and sentenced as a habitual offender. Miss. Code Ann. § 99-19-81. Because Section 99-19-81 places no time limit on qualifying convictions, Mujahid's argument fails.

### IV. Ineffective Assistance of Counsel

¶15. Finally, Mujahid argues his court-appointed attorney's representation was constitutionally deficient. He asserts that his attorney should have sought a continuance, filed certain post-trial motions, and challenged Mujahid's habitual-offender status.

¶16. To prove ineffective assistance of counsel, Mujahid must show his counsel was (1) deficient and (2) that deficiency deprived him of a fair trial. ***Woods v. State***, 242 So. 3d 47, 55 (Miss. 2018). This Court presumes a trial lawyer's assistance is effective. ***Id.*** The defendant's burden is to rebut that presumption and to show both deficient performance and prejudice. ***Id.*** Mujahid has shown neither.

### A.     Motion for Continuance

¶17.    Mitchell believed the accident-based continuance request was frivolous. So he urged that Mujahid himself be given the opportunity to make the request, which he did. The judge denied the request, explaining, "if I had thought for a second that [Mujahid] had some kind of serious problem going on today, then I would have continued the case. But I have seen no indication of that." There is no deficiency here.

### B.     Post-Trial Motions

¶18.    Mitchell moved for a directed verdict at the close of the State's case, but he did not seek a post-trial JNOV or ask for a new trial. While a defense attorney's failure to file certain post-trial motions can at times be deemed deficient performance, *see Pace v. State*, 242 So. 3d 107, 118 (Miss. 2018), even if it was, Mujahid has shown no prejudice.

¶19.    When assessing the sufficiency of evidence, this Court decides if "any rational trier of fact could have found each element of the crime beyond a reasonable doubt . . . ." *Id.* at 119 (citing *Swanagan v. State*, 229 So. 3d 698, 703 (Miss. 2017) (quoting *Fagan v. State*, 171 So. 3d 496, 503 (Miss. 2015)). Under Mississippi Code Section 41-29-139(a)(1), "it is unlawful . . . knowingly or intentionally . . . to sell . . . transfer . . . [or] distribute" methamphetamine. Here, eyewitness testimony from a confidential informant and a narcotics investigator along with video evidence supports the charged methamphetamine sale. So Mujahid has not shown prejudice.

¶20.    When considering the weight of the evidence, this Court "will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand

7

would sanction an unjustifiable injustice." *Id.* After review, because the verdict is not against the weight of the evidence, no prejudice has been shown.

### C. Habitual-Offender Status

¶21. As to his sentence, Mujahid shows neither deficiency nor prejudice arising from Mitchell's not challenging the habitual-offender sentence. Because Mujahid's two felony convictions qualified him as a habitual offender under Mississippi Code Section 99-19-81, Mitchell had no legitimate challenge to the enhancement.

### D. Impeachment

¶22. In his reply brief, Mujahid raises for the first time a claim that his attorney should have pushed harder to impeach the informant. Not only does this implicate trial strategy, this argument was not brought up in his initial pro se brief, so it is considered waived. *Sanders v. State*, 678 So. 2d 663 (Miss. 1996).

## Conclusion

¶23. After reviewing Mujahid's counsel's *Lindsey* brief and Mujahid's pro se brief, there are no meritorious arguments for appeal. We therefore affirm Mujahid's conviction for sale of methamphetamine.

¶24. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**